IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JESSE ISTRE,

    Plaintiff,

v.                                      Case No.:  1:19-cv-577

STAR TECH PC & SOFTWARE, INC.,
and JAMES Y. WANG,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSE ISTRE, by and through his undersigned counsel, sues the Defendants, STAR TECH PC & SOFTWARE, INC., and JAMES Y. WANG, and in support thereof alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. § 1337 and by Title 29 U.S.C. §216(b).

## VENUE

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, STAR TECH PC & SOFTWARE, INC., has offices located in Austin, Texas.

## THE PARTIES

4.  Plaintiff is an individual who resides in Travis County, Texas, and worked for Defendants from September 18, 2018, through March 22, 2019, as a technician and was paid a salary of $2,400.00 per month.

5.  Defendant, STAR TECH PC & SOFTWARE, INC., is a corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Austin, Texas.

6.  Defendant, JAMES Y. WANG, is a resident of Austin, Texas.

7.  Defendant, STAR TECH PC & SOFTWARE, INC., operates a company primarily engaged in business of selling and repairing computers and cellular telephones and is an employer as defined by 29 U.S.C. § 203(d).

8.  Defendant, STAR TECH PC & SOFTWARE, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.  At all times material to this complaint, Defendant, STAR TECH PC &

SOFTWARE, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, STAR TECH PC & SOFTWARE, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material hereto, Defendant, JAMES Y. WANG, actively ran the business of Defendant, STAR TECH PC & SOFTWARE, INC., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, STAR TECH PC & SOFTWARE, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

12. Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce. Specifically, Plaintiff handled, sold and repaired devices utilized for interstate commerce.

13. Defendant, JAMES Y. WANG, had the ability to hire and fire plaintiff; and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. During one or more weeks of Plaintiff's employment with Defendants,

Plaintiff worked in excess of forty (40) hours.

15.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.  Defendants regularly paid Plaintiff for his salary and did not pay any additional premium as required under the FLSA.

16.     Plaintiff regularly worked approximately 55 hour or more per workweek.

17.     In an effort to hide and obfuscate the unlawful acts described herein, Defendants paid Plaintiff in a cash As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

18.     The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

19.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

20. Plaintiff is also entitled to an award of reasonable and necessary attorneys fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a. Unpaid overtime wages due and owing;

b. An additional amount equal to the amount of unpaid overtime wages in liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042

Page 6 of 6
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**

Case 1:19-cv-00577-RP   Document 1   Filed 06/05/19   Page 6 of 6